**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

ELLIOT KAPLAN,

       Individually,                                Case No. 07-3630
                                                         (JRT/FLN)

       and

ELLIOT KAPLAN and JEANNE KAPLAN,
    Husband and Wife,
    2620 West 171 St Street
    Stillwell, KS 66085

       Plaintiffs,                                      **ANSWER**

MAYO CLINIC;
MAYO FOUNDATION FOR MEDICAL
EDUCATION AND RESEARCH
MAYO ROCHESTER, INC.
MAYO CLINIC ROCHESTER, INC.
    200 First Street, SW
    Rochester, MN 55905,
LAWRENCE J. BURGART
    C/O Mayo Clinic
    200 First Street, SW
    Rochester, MN 55905,
DAVID NAGORNEY
    C/O Mayo Clinic
    200 First Street, SW
    Rochester, MN 55905,

       Defendants.

Defendants Mayo Clinic, Mayo Foundation for Medical Education and Research, Mayo Clinic Rochester, Dr. Burgart and Dr. Nagorney[1], in response to the Complaint in the above-entitled action, admits, denies and alleges as follows:

## FIRST DEFENSE

1.      Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.      Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, admit that Mayo Clinic, Mayo Foundation for Medical Education and Research, and Mayo Clinic Rochester, are non-profit charitable corporations with their principal place of business in Rochester, Minnesota.

4.      With respect to the allegations contained in paragraph 4 of the Complaint, admit that Mayo Clinic Rochester provides health care and employ health care providers, admit that Mayo Clinic Rochester employed Dr. Burgart and Dr. Nagorney and rendered medical services to Mr. Kaplan, and admit that they provided the services in Minnesota. Defendants deny the remaining allegations as pled.

5.      With respect to the allegations contained in paragraph 5 of the Complaint, admit that Dr. Burgart is a pathologist who was employed by Mayo Clinic Rochester in Minnesota at the time of his involvement in Mr. Kaplan's care.

---

[1] One named defendant, Mayo Rochester, Inc., has never existed as a legal entity. The remaining named defendant, Mayo Foundation, no longer exists as a legal entity.

6.  With respect to the allegations contained in paragraph 6 of the Complaint, admit that Dr. Nagorney is a surgeon employed by Mayo Clinic Rochester in Minnesota.

7.  Admit that plaintiffs allege the basis for jurisdiction of the Complaint.

8.  Admit that plaintiffs allege the basis for venue of the Complaint.

9.  Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, allege that the document speaks for itself.

15. With respect to the allegations contained in paragraph 15 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

16. With respect to the allegations contained in paragraph 16 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

17.	With respect to the allegations contained in paragraph 17 of the Complaint, admit that Mayo received four slides and two blocks.

18.	Admit the allegations contained in paragraph 18 of the Complaint.

19.	Deny the allegations contained in paragraph 19 of the Complaint.

20.	With respect to the allegations contained in paragraph 20 of the Complaint, allege that Dr. Nagorney discussed diagnosis and treatment options with plaintiffs prior to August 14, 2003, that he then operated on Mr. Kaplan on August 14, 2003, which surgery included a Whipple resection, and that the treatment provided met the standard of care.

21.	With respect to the allegations contained in paragraph 21 of the Complaint, allege that additional material was sent to pathology, was examined and did not show evidence of cancer.

22.	With respect to the allegations contained in paragraph 22 of the Complaint, admit that Dr. Nagorney performed the Whipple resection.

23.	Deny the allegations contained in paragraph 23 of the Complaint as pled and allege that the procedure details are described in the operative note which speaks for itself.

24.	Deny the allegations contained in paragraph 24 of the Complaint as pled.

25.	Allege they are without information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint.

26.	Allege they are without information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint.

27.	Assert that the allegations contained in paragraph 27 of the Complaint are vague and accordingly deny the same.

28.	Deny the allegations contained in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, defendants incorporate their responses to paragraphs 1 through 28.

30. With respect to the allegations contained in paragraph 30 of the Complaint, allege that their health care providers met the standard of care.

31. With respect to the allegations contained in paragraph 31 of the Complaint, allege that their health care providers met the standard of care.

32. With respect to the allegations contained in paragraph 32 of the Complaint, allege that Mr. Kaplan sought medical treatment from them and that he was billed for this.

33. Admit the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint as pled.

38. With respect to the allegations contained in paragraph 38 of the Complaint, at this point do not allege Mr. Kaplan was negligent, but do assert that he assumed the risks inherent in the care and treatment provided him.

39. With respect to the allegations contained in paragraph 39 of the Complaint, allege that Mr. Kaplan was billed for medical services provided to him.

40. Deny the allegations contained in paragraph 40 of the Complaint and specifically allege that Minnesota law does not allow punitive damages allegations in the Complaint.

41. In response to paragraph 41 of the Complaint, defendants incorporate their responses to paragraphs 1 through 40.

42. Allege that they are without information sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint.

43. With respect to the allegations contained in paragraph 43 of the Complaint, deny that they were negligent or caused injury to Mr. Kaplan.

44. Deny the allegations contained in paragraph 44 of the Complaint and specifically allege that Minnesota law does not allow punitive damages allegations in the Complaint.

45. In response to paragraph 45 of the Complaint, defendants incorporate their responses to paragraphs 1 through 44.

46. With respect to the allegations contained in paragraph 46 of the Complaint, allege that the document speaks for itself.

47. With respect to the allegations contained in paragraph 47 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

48. With respect to the allegations contained in paragraph 48 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

49. Deny the allegations contained in paragraph 49 of the Complaint and allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

50. Deny the allegations contained in paragraph 50 of the Complaint as pled.

51. Deny the allegations contained in paragraph 51 of the Complaint as pled.

52. Deny the allegations contained in paragraph 52 of the Complaint as pled.

53. Deny the allegations contained in paragraph 53 of the Complaint as pled.

54. Deny the allegations contained in paragraph 54 of the Complaint as pled.

55.    Deny the allegations contained in paragraph 55 of the Complaint as pled.

56.    Deny the allegations contained in paragraph 56 of the Complaint and specifically allege that breach of contract is not a recognized cause of action in medical malpractice cases in Minnesota.

57.    In response to paragraph 57 of the Complaint, defendants incorporate their responses to paragraphs 1 through 56.

58.    With respect to the allegations contained in paragraph 58 of the Complaint, allege that the document, to the extent is exists, speaks for itself.

59.    With respect to the allegations contained in paragraph 59 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

60.    With respect to the allegations contained in paragraph 60 of the Complaint, deny the allegations as pled, and specifically allege that Dr. Nagorney met the standard of care in his care and treatment of Mr. Kaplan.

61.    With respect to the allegations contained in paragraph 61 of the Complaint, admit that Dr. Nagorney obtained informed consent from Mr. Kaplan for the treatment he received, and that the care and treatment of Mr. Kaplan met the standard of care.

62.    See response to paragraph 61 of the Complaint.

63.    Deny the allegations contained in paragraph 63 of the Complaint as pled.

64.    Deny the allegations contained in paragraph 64 of the Complaint as pled.

65.    Deny the allegations contained in paragraph 65 of the Complaint as pled.

66.    Deny the allegations contained in paragraph 66 of the Complaint as pled.

67.    Deny the allegations contained in paragraph 67 of the Complaint as pled.

68. Deny the allegations contained in paragraph 68 of the Complaint as pled.

69. Deny the allegations contained in paragraph 69 of the Complaint and specifically allege that Minnesota law does not allow punitive damages allegations in the Complaint.

70. Deny each and every allegation except as specifically admitted or alleged above.

## SECOND DEFENSE

71. Mr. Kaplan assumed the risks inherent in the care and treatment he received from defendants.

## THIRD DEFENSE

72. Breach of contract is not a legal cause of action allowed in medical malpractice cases in Minnesota.

## FOURTH DEFENSE

73. Punitive damages cannot be pled in the initial Complaint under Minnesota law.

**WHEREFORE,** defendants pray for judgment as follows:

1. Dismissing plaintiff's Complaint with prejudice.

2. Awarding defendants their costs and disbursements herein.

3. Awarding such other and further relief as the court deems just and proper.

Dated:  September 18, 2007.                    DORSEY & WHITNEY LLP


                                               By   s/Heather M. McCann
                                                  William R. Stoeri (#140880)
                                                  Heather M. McCann (#0386881)
                                               50 South Sixth Street, Suite 1500
                                               Minneapolis, Minnesota  55402
                                               Telephone:  (612) 343-7942

                                               Attorneys for Defendants

OF COUNSEL:

Joshua Murphy, Esq.
Legal Department
Mayo Clinic
Rochester, Minnesota  55905