UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ELLIOT KAPLAN and JEANNE KAPLAN,<br><br>Plaintiffs,<br><br>v.<br><br>MAYO CLINIC, MAYO FOUNDATION, MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH, MAYO ROCHESTER, INC., MAYO CLINIC ROCHESTER, INC., and LAWRENCE J. BURGART,<br><br>Defendants. | Civil No. 07-3630 (JRT/JJK)<br><br><br><br>**ORDER DENYING COSTS** |

James F. B. Daniels, **MCDOWELL, RICE, SMITH & BUCHANAN, PC**, 605 West Forty-Seventh Street, Suite 350, Kansas City, MO 64112; Thomas J. Ward, **WARD & WARD, PLLC**, 2020 North Street N.W., Washington, DC 20036, for plaintiffs.

William R. Stoeri, Heather B. McCann, and Bartholomew B. Torvik, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498; and Joshua B. Murphy, **MAYO CLINIC LEGAL DEPARTMENT**, 200 First Street S.W., Rochester, MN 55905, for defendants.

Before the Court is the motion of plaintiffs Elliot and Jeanne Kaplan (collectively, "Kaplans") for review of taxation costs. The Kaplans brought suit against defendants Mayo Clinic, Mayo Foundation, Mayo Foundation for Medical Education and Research, Mayo Rochester, Inc., Mayo Clinic Rochester, Inc., and Lawrence J. Burgart (collectively, "Mayo"), who prevailed at trial. Mayo subsequently submitted a bill of

costs and the Clerk of the Court issued a cost judgment. Because the Kaplans are indigent, the Court exercises its discretion to award costs to the prevailing party and denies costs in this case.

## BACKGROUND

More than a year after a jury found for Mayo on the Kaplans' claims, Mayo submitted a bill of costs (Docket No. 215) and the Clerk of Court awarded $10,536.20. (Docket No. 216.) Elliot Kaplan declares that he is disabled and cannot seek, find, or hold employment. (Decl. of Elliot M. Kaplan ¶ 2, Mar. 22, 2011, Ex. 1, Docket No. 219.) As a result, the Kaplans must now rely on disability payments and decreasing benefits received through private disability insurance. (*Id.* ¶ 3.) Elliot Kaplan further asserts that his medications have become so costly that his Medicare coverage capped in 2009 and he was required to borrow money for two months in 2009 to pay for his required medications. (*Id.* ¶¶ 5-6.) The Kaplans claim that the value of their investments has declined by ninety percent due to the recent economic recession and they have sold any personal belongings they could in order to pay creditors. (*Id.* ¶ 7.) Despite these measures, they have not been able to fully pay creditors or to satisfy the claims asserted against them. (*Id.* ¶ 9.) Their home is in foreclosure and they have been sued for $62,288.57 by American Express. (*Id.* ¶¶ 10-11.) The Kaplans assert they also owe over $400,000 in taxes, more than $60,000 to legal counsel, nearly $20,000 to trial witnesses, and over $10,000 to doctors. (*Id.* ¶¶ 12-15.) As a result, they plead indigence and request the Court deny costs to Mayo.

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) states that costs to the prevailing party "should be allowed." Courts interpret this rule as presuming recovery of costs to the prevailing party. *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). However, the Supreme Court has construed Rule 54(d) as conferring discretion on taxation to a district court judge. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) ("The district court has substantial discretion in awarding costs to a prevailing party under. . . Fed. R. Civ. P. 54(d) . . . ."). To overcome the presumption of taxation, the losing party must give the Court "specific reasons explaining why . . . it would be inappropriate or inequitable to award costs." *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1038 (9th Cir. 2005) (quotation marks omitted). Additionally, the court must provide a rationale for denying costs other than a general statement of fairness. *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

Indigence is recognized as an appropriate justification for denial of costs. *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (citing cases); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor . . . ."); *see also Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) ("[I]t is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d). . . . [T]he inability to

pay is a proper factor to be considered in granting or denying taxable costs."). A losing party must establish indigence through affidavits or other evidence of income, assets, and schedules of expenses. *Wagner v. City of Pine Lawn, Mo.*, No. 4:05-CV-1901, 2008 WL 2323486, at *2 (E.D. Mo. May 30, 2008) (citing *Rivera*, 469 F.3d at 635). The non-prevailing party must be facing dire financial circumstances to avoid taxation of costs. *Rivera*, 469 F.3d. at 635. Furthermore, "[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future." *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003) (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).

In *Wagner*, the court found the non-prevailing party's unemployment, disability due to mental and physical illnesses, and proof of Social Security Disability and Medicaid benefits, along with her spouse's unemployment and receipt of Social Security Disability, sufficient to establish indigence. 2008 WL 2323486, at *2. In *Cross v. Roadway Express*, the court relied on Cross' affidavit that his current income was $840 per month in Social Security disability payments to find him indigent. No. 93 C 2584, 1994 WL 592168, at *1 (N.D. Ill. Oct. 26, 1994). The court was also persuaded by the fact that Cross provided support for three minors, had less than $500 in savings, and was under medical care for severe anxiety and medical depression – conditions which required constant attention and rendered him unable to continue working in his previous line of employment. *Id.* Despite finding that he could possibly pay costs by mortgaging

his home, the court found that this option would simply "hasten the time that Cross would be rendered entirely destitute." *Id.*  As a result, the court denied costs.  *Id.*

As in *Cross* and *Wagner*, the Court finds the Kaplans have sufficiently demonstrated indigence.  Elliot Kaplan has lost his ability to work due to medical procedures.  The Kaplans have sold their personal property, are in foreclosure, and owe over $550,000 in medical expenses, attorney fees, taxes, witness fees, and credit card debt.  In addition, the value of their investments has decreased substantially.  Additionally, the Court finds that the Kaplans brought their claims in good faith and their claims were not frivolous.  *See Rivera*, 469 F.3d at 635.  As a result, the Court denies the imposition of costs against the Kaplans.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, plaintiffs' Motion for Review of Cost Judgment [Docket No. 217] is **GRANTED** and the Clerk's Cost Judgment [Docket 216] is **REVERSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 29, 2011                                    ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                          JOHN R. TUNHEIM
                                                                                         United States District Judge