UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ELLIOT KAPLAN and JEANNE KAPLAN,<br><br>Plaintiffs,<br><br>v.<br><br>MAYO CLINIC, MAYO FOUNDATION, MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH, MAYO ROCHESTER, INC., MAYO CLINIC ROCHESTER, INC., and LAWRENCE J. BURGART,<br><br>Defendants. | Civil No. 07-3630 (JRT/JJK)<br><br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER AWARDING FEES AND EXPENSES TO DEFENDANTS** |

James F. B. Daniels, **MCDOWELL, RICE, SMITH & BUCHANAN, PC**, 605 West Forty-Seventh Street, Suite 350, Kansas City, MO 64112; Nicholas Rowley, **CARPENTER ZUCKERMAN & ROWLEY**, 8827 West Olympic Boulevard, Los Angeles, CA 90211; Rodney Ritner, **LAW OFFICE OF RODNEY G. RITNER**, 421 West Water Street, Floor 3, Post Office Box 228, Decorah, IA 52101; Thomas J. Ward, **WARD & WARD, PLLC**, 2020 N Street N.W., Washington, DC 20036; and Deborah K. Ellis, **ELLIS LAW OFFICE**, 101 East Fifth Street, Suite 2626, St. Paul, MN 55101, for plaintiffs.

William R. Stoeri, Heather M. McCann, and Andrew B. Brantingham, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and Joshua B. Murphy, **MAYO CLINIC LEGAL DEPARTMENT**, 200 First Street Southwest, Rochester, MN 55905, for defendants.

This is a medical malpractice and breach of contract action that is currently before the Court on the objection of one of Plaintiffs' attorneys, James F.B. Daniels, to an order issued by United States Magistrate Judge Jeffrey J. Keyes during a discovery dispute.

After granting Defendants' Motion to Compel Discovery, the Magistrate Judge issued an order that "Plaintiffs, their attorneys, or both, shall pay Defendants $1,396.05 for the fees and expenses incurred in bringing Defendants' Motion to Compel Discovery." (Order at 3, Docket No. 250, Dec. 12, 2012; Order at 2, Docket No. 252, Jan. 3, 2013.)

Mr. Daniels objects to the imposition of fees and expenses, asserting that he has never been "ordered to 'pay' anything to anyone and in justice should not be required to do so now . . . ." (Objection at 2, Docket No. 265, Jan. 17, 2013.) However, another of Plaintiffs' attorneys, Rodney Ritner, already sent Defendants' counsel a check for $1,396.05 on January 9, 2013, without objection. (Letter to Magistrate Judge, Docket No. 261, Jan. 9, 2013.) Thus, Mr. Daniels is no longer required to pay the fees and expenses. Therefore, his objection to such a requirement is moot and the Magistrate Judge's order awarding fees and expenses to Defendants is affirmed. *See Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) ("'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979))).[1]

---

[1] Because the objection is moot, the Court will not address Mr. Daniels' contention that Defendants' service of various papers related to the discovery request was improper. Currently before the Magistrate Judge is Defendants' related Motion for Sanctions and to Compel Discovery. (Motion, Jan. 18, 2013, Docket No. 259.) That motion may provide an opportunity for Mr. Daniels and Defendants' counsel to resolve that aspect of this dispute. The Court further notes that Mr. Daniels' concern over the reputational harm he has allegedly suffered from the imposition of fees and expenses should be lessened by the fact that Mr. Ritner has seemingly accepted responsibility for the award by paying it. More importantly, while Mr. Daniels may not have received the original discovery requests because they were provided to Mr. Ritner, Mr. Daniels received notice that a motion to compel was filed on November 30, 2012, (Docket No. 244), and made no response. He also made no response when the Magistrate Judge invited

(Footnote continued on next page.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' objection [Docket No. 265] is **OVERRULED** as moot and the Magistrate Judge's Order dated January 3, 2013 [Docket No. 252] is **AFFIRMED**.

DATED:  February 8, 2013                        s/ John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                 United States District Judge

_____
(Footnote continued.)

plaintiffs to "file a letter . . . setting forth any basis on which they oppose the award" on December 11, 2012.  (Docket No. 250 at 2-3.)  Mr. Daniels had ample opportunity to argue that the fees and expenses should have been levied only against Mr. Ritner before the Magistrate Judge entered the order.  *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (holding that party is "required to present all of his arguments to the magistrate judge, lest they be waived").